UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
COURT FILE NO.: CV - _____

| | |
|---|---|
| WILLIAM LESTER<br><br>   Plaintiff,<br>v.<br><br>RAZOR CAPITAL, LLC<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4. The Plaintiff, William Lester, is a natural person who resides in the City of Lexington, County of Fayette, Commonwealth of Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant Razor Capital, LLC (hereinafter "Defendant Razor") is a collection agency operating from an address of 5468 102nd Trl, Brooklyn Park, Minnesota 55443, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6. On or about July 20, 1998, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt.

7. Sometime thereafter, the alleged debt was assigned, placed with, or otherwise transferred to the Defendants for collection from the Plaintiff.

**Lawsuit Filed Despite Being Time-Barred By Statute of Limitations**

8. The Plaintiff made payments on the debt and it is his recollection and belief that he may have satisfied the entire debt on or before January 1, 2002.

9. The alleged contract which underlies this debt went into default sometime around 1999 or 2000.

10. The Defendants initiated suit in Fayette District Court, Case No. 10-C-4242, on May 1, 2010, on this stale debt knowing that it was a time-barred action under the applicable Kentucky five-year statute of limitations on contract actions. Defendant Razor did not attach any documents in support of their complaint. *See Kentucky Revised Statute 413.120(1).*

11. The Plaintiff in this action received service of process of the summons and complaint on May 9, 2010. *See Exhibit "1" Attached.*

12. By deliberately filing a state court civil lawsuit four years after any arguable statute of limitations period had expired, the Defendant thereby maliciously prosecuted this state court lawsuit and caused the Plaintiff actual damages in the form of attorney's fees and costs to defend this action, and because the Defendant had no good faith basis to believe that they could prevail on the merits of the lawsuit an award of punitive damages are appropriate.

### Failure to Promptly Dismiss Wrongful Lawsuit

13. The initiation and continuation of the state court action was groundless as Plaintiff's counsel made note of the legal deficiencies in the Answer and affirmative defenses filed in the state court case on May 21, 2010. *See Exhibit "2" Attached*

14. Despite the denial and affirmative defenses asserted in the Answer, the Defendant proceeded with serving written discovery upon the Plaintiff. As part of those answers, the Plaintiff made clear and unambiguous denials that he owed any debt to the Defendant Razor.

15. On May 21, 2010 Lester served written discovery upon Razor Capital, LLC. To date there has been no response tendered by Defendant Razor.

16. On June 24, 2010, the Plaintiff sent to the Defendant Razor answers to Requests for Admission. This was a clear and unambiguous denial that no debt was owed to the Defendant Razor. See Exhibit "3" Attached.

17. Despite having actual notice of this denial of the debt and the grounds for the denial on or before June 24, 2010, the Defendant failed to timely dismiss with prejudice this baseless state court civil action.

### Status of State Court Lawsuit

18. At present, the state court action has not been dismissed by the Defendant Razor.

19. The Defendant Razor circulated an agreed order to dismiss the matter without prejudice. This has not been executed by the Plaintiff Lester or his counsel as this matter is not subject to collection and requires dismissal with prejudice.

20. The Defendant failed to establish any legal or factual basis for the judgment it sought against the Plaintiff prior to initiating this civil action against the Plaintiff to collect a debt he did not

owe, and which Razor Capital LLC knew or upon reasonable investigation should have known, was satisfied or time barred and not the Plaintiff's responsibility.

21. On June 24, 2010, the Defendant had information in its possession and/or ready access to information from neutral objective sources that the Plaintiff was not responsible for the alleged debt.

### The Plaintiff Has Suffered Actual Damages From This Malicious Prosecution

22. As a direct and proximate result of Defendant's actions in filing a meritless state court lawsuit , the Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, among other negative emotions.

### Summary

23. The attempt to collect the stale debt, which was well beyond the applicable five-year statute of limitations, through the use of a civil lawsuit, is an unfair and deceptive practice, a malicious prosecution, an invasion of privacy, and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

### TRIAL BY JURY

24. The Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of the Defendant's violations of the FDCPA, the Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. The Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

30. The Defendant intentionally caused harm to the Plaintiffs' emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

31. The Plaintiff had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs.

32. The intrusion by the Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## COUNT III.
## MALICIOUS PROSECUTION

34. The Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. The Defendant Razor Capital, LLC, instigated an unjustifiable and unreasonable civil action upon the Plaintiff.

36. The state court lawsuit brought by the Defendant Razor Capital, LLC, was without probable cause and had no reasonable grounds on which to base a belief that the plaintiff therein would prevail on the merits.

37. The state court lawsuit brought by Defendants Razor Capital, LLC, against Plaintiff was instituted and prosecuted with malicious intent.

38. Plaintiff is entitled to actual and compensatory damages from Defendants Razor Capital, LLC, for willfully initiating and continuing a wrongful civil action against him and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages against each and every Defendant for Plaintiff's emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

### COUNT III.

### MALICIOUS PROSECUTION

- for an award of actual and compensatory damages against Defendant Razor Capital, LLC, for Plaintiff's emotional distress suffered as a result of the FDCPA violations and malicious prosecution in an amount to be determined at trial; and,

- for such other and further relief as may be just and proper.

Done and filed this 9th day of May, 2011.

                                              Respectfully Submitted,

                                              BRIAN T. CANUPP, PSC

                                              _____
                                              Brian T. Canupp,
                                              322 Main Street
                                              Paris, Kentucky 40361
                                              859-988-9658
                                              Brian@Canupplaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF Kentucky            )
                                               ) ss
COUNTY OF Fayette  )

William C. Lester, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

/s/   Affidavit on File
William C. Lester

Subscribed and sworn to before me
this _____ day of _____, 2011.

Notary Seal on file
_____
Notary Public